BAYON *vs.* MAYOR ET AL.

9    579
122    59

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The Supreme Court will not, on a rule to show cause, examine the *order*
of an inferior judge *refusing* to grant a *mandamus* as prayed for.  The
only legitimate mode of revising the orders or judgments of inferior
courts, is by appeal.

This is the case of an application for a *mandamus* to the
district judge of the first judicial district.

The plaintiff applied in the first instance to the district
judge, by petition, to grant a *mandamus*, commanding the
mayor of the city of New-Orleans, to issue a warrant on the
city treasurer, for five hundred dollars, being a quarter salary
due him, (the plaintiff) as city printer.  He alleges that a
resolution passed the city council by the requisite majority,
recognising his claim, and authorising it to be paid, but that
the mayor refuses to issue a warrant on the treasury, without
which he cannot get his money.  He prays for a *mandamus*.

The district judge was of opinion this was not a proper case for a *mandamus*, and endorsed his order of refusal on the petition.

The plaintiff then applied to the Supreme Court, and took a rule on the district judge, to show cause why a *mandamus* should not issue, commanding him to grant the one prayed for against the mayor.

The judge showed for cause that he did not consider the application as coming within the provisions of law. It was sought under the Code of Practice, article 829. He considered this article modified by the subsequent provisions of the Code of Practice, articles 830, 831.

That it is not every *denial of justice* which is to be remedied by *mandamus*; but only where there is no relief by the ordinary means, or where the public good, and the administration of justice, in a general sense, will suffer without it.

The mayor is a part of the corporation, and if it will not do its duty, let the plaintiff resort to his ordinary action against it.

*Preston*, for the plaintiff, urged the court to make the rule absolute.

*Martin J.*, delivered the opinion of the court.

Bayon having obtained from the city council the allowance of a claim, the mayor refused the warrant on the treasury, without which, payment could not be obtained. Application was made to the court of the first district, for a *mandamus* to the mayor. This was refused, and a rule has issued to the judge, to show cause why a *mandamus* should not be granted, for refusing to comply with the applicant's request.

The judge has shown cause, that the applicant's legal remedy is not that which he seeks. It appears to us, that the only legitimate mode in which one can revise the decision of an inferior court, is by appeal.

The Supreme Court will not, on a rule to show cause, examine the *order* of an inferior judge, *refusing* to grant a *mandamus* as prayed for. The only legitimate mode of revising the orders or judgments of inferior courts, is by appeal.

It is, therefore, ordered, that the rule be discharged with costs.